17946.  OSBORN, administratrix, *v.* CLEVELAND HARDWARE
COMPANY.

STEPHENS, J.  1. Where an affidavit appears upon its face to have been executed on January 31, 1927, after the certification of a bill of exceptions on January 14, 1927, and the affidavit recites indefinitely that after the certification of the bill of exceptions the deponent delivered a copy of it to a named attorney (who, it appears from the record, was counsel for the opposite party in the trial court), and that that attorney signed an acknowledgment of service and a waiver of further notice or service, and where there is nothing in the affidavit to indicate the dates of these transactions, except that they occurred between the date of the certification of the bill of exceptions and the date of the execution of the affidavit, the affidavit is insufficient to show that service of the bill of exceptions was perfected within ten days after the date of its certification, as required under section 6160 of the Civil Code (1910).

2. Where such affidavit constitutes the only evidence of service of the bill of exceptions, and where counsel for the defendant in error does not waive or acknowledge service of the bill of exceptions, or consent for the case to be heard in this court, the motion of counsel for the defendant in error, to dismiss the bill of exceptions for want of service, must be sustained. .

        *Writ of error dismissed.   Jenkins, P. J., and Bell, J., concur.*

        DECIDED NOVEMBER 17, 1927.

Garnishment; from city court of Hall county—Judge Sloan. January 1, 1927.

*W. N. Oliver,* for plaintiff in error.   *A. C. Wheeler,* contra.

---

Appeal and Error, 4 C. J. p. 305, n. 26; p. 570, n. 91.